Case: 4:20-cv-00602-RLW Doc. #: 20 Filed: 08/03/20 Page: 1 of 8 PageID #: 354

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LONNIE SNELLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-602 RLW |
| | ) |
| KEVIL T. SEGBERS,[1] et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Lonnie Snelling's Motion For

Extension of Sixty (60) Days to Serve Named Defendant Michael W. O'Reilly-Agent and

Individually (ECF No. 18), and Motion For Extension of Thirty (30) Days to Serve Named

Defendants Kevil T. Segbers, Thomas J. Segbers, Jason L. Moehlman, The Moehlman Law

Firm, LLC, and the State of Missouri- Serve, Eric Schmitt-Missouri Attorney General (ECF No.

19). For the following reasons, the Motions will be denied and this case will be dismissed for

lack of subject matter jurisdiction on the Court's own motion.

Plaintiff brings suit asserting primarily federal claims that in sum challenge the outcome

of prior, related suits he filed in the Circuit Court of the City of St. Louis, 22nd Judicial Circuit,

State of Missouri. Plaintiff's First Amended Complaint ("Complaint") includes the following

jurisdictional allegations:

> 1. Jurisdiction is conferred upon this court by 28 U.S.C.
> § 1331, 1332,[2] 1343 (a)(3), 42 U.S.C. § 1983, 1985(2) and (3),
> 1986, 1988, RSMo. 506.500 and § 876(a) of the Restatement
> (Second) of Torts, Rules 60(b)(4) and 74.06(b)(4), First and
> Fourteenth Amendments to the United States Constitution and

---

[1]In underlying litigation, this Defendant is sued as Kevin Segbers.

[2]Plaintiff fails to allege complete diversity of citizenship among the parties.

> Injunctive Relief. Plaintiff further invokes the supplemental
> jurisdiction of this court to determine the state law claims pursuant
> to 28 U.S.C. §1367.
>
> 2. Declaratory relief is authorized by Federal Rules of Civil
> Procedure, Rule 57, and 28 U.S.C § 2201 and 2202.

(ECF No. 17 at 3.) Named as defendants are Kevil T. Segbers and Thomas J. Segbers, parties to

the prior state court actions; their attorneys Michael W. O'Reilly, Jason L. Moehlman and The

Moehlman Law Firm, LLC; the State of Missouri; ten current or former judges of the 22nd

Judicial Circuit and the Missouri Court of Appeals, Eastern District, sued in their official

capacities; and John and Jane Does. The Complaint is titled:

> PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER THE
> CONTINUING VIOLATION DOCTRINE/ PROPERTY
> DAMAGES/ CONSPIRACY/ FRAUD UPON THE COURT/
> VOID ORDERS/ LACK OF STANDING/ WILLFUL
> PARTICIPANTION [sic] BY PRIVATE PERSONS WITH
> JUDICIAL OFFICIALS WHILE OPERATING UNDER COLOR
> OF STATE LAW/ INFRINGE AND IMPEDE
> CONSTITUTIONAL RIGHTS OF ACCESS TO COURTS/ SELF
> REPRESENTATION/ DISCREMINATION [sic] /TO LEASE
> PROPERTY/ DECRATORY [sic] JUDGNMENT [sic] /DUE
> PROCESS/ EQUAL PROTECTION UNDER THE
> LAWS/ABUSE OF PROCESS/ RACIAL ANIMUS/BARRED
> FROM RAISING STATUTE OF LIMITATIONS/INJUNCTIVE
> RELIEF/EX PARTE HEARINGS AND CONTACTS/
> TAMPERING WITH A JUDICIAL OFFICIAL/AIDING AND
> ABETTING/ INTENTIONAL AND NEGLIGENT INFLICTION
> OF EMOTIONAL DISTRESS /PUNITIVE DAMAGES
> AGAINST ENTITIES/PRIVATE PERSONS:

The Complaint is 39 pages long and is accompanied by 85 pages of exhibits consisting of

36 separate court filings, court orders, and appellate orders in the state court cases that form the

basis of Plaintiff's Complaint. Counts I and II appear to assert claims under § 1983; Count III is

titled "Declaratory Judgment to Determine Whether Plaintiff's Claims Stated in Second

Amended Petition Of Cause #1322-AC00042, Remains Pending in the Circuit Court's Associate

Division 27;" Count IV is titled "Declaratory Judgment to Determine Whether Plaintiff Was

Denied First Amendment Rights of Access to Courts;" Count V asserts conspiracy claims under §§ 1983, 1985, and 1986; Count VI appears to assert a claim for abuse of process under § 1983 and/or state law; and Count VII asserts a state law claim for intentional infliction of emotional distress.

The primary relief sought in Complaint's various counts includes: (1) declarations that the state court judges (a) discriminated against Plaintiff on the basis that he is a self-represented litigant and/or because of his race; and (b) were without subject matter jurisdiction to enter certain orders in his cases; (2) declarations that certain state court orders were or were not final orders and that Case No. 1322-AC00042 remains pending in the 22nd Judicial Circuit's Associate Circuit Court; (3) declarations that certain state court orders are void and violated Plaintiff's First Amendment rights to access the courts; (4) injunctive relief against the State of Missouri, through its judicial officials, to prevent any further interference to keep plaintiff from collecting a judgment he obtained in state court, seeking redress on legitimate claims, and asserting his constitutional rights in state courts; and (5) compensatory damages in excess of $1,000,000, punitive damages in excess of $25,000, and costs.

**Background**

Plaintiff's lengthy factual allegations discuss the facts underlying his state court cases and their extensive procedural history. A Missouri Court of Appeals decision attached to Plaintiff's Complaint describes the underlying proceedings in detail. Plaintiff disagrees with that decision and other state court rulings, but its recitation of the background of the case corresponds to Plaintiff's allegations and states as follows:

> The procedural history of this case is protracted and, convoluted yet essential to resolution of the issues. Appellant Snelling owns residential rental property at 2040-48 East Gano Avenue in the City of St. Louis. Adjacent, on the same side· of the

3

street, across Emily Avenue, is an elementary school located at 2128 East Gano Avenue. On May 3, 2004, and throughout the summer of that year, Respondent Segbers and others played stickball at the elementary school. On August 23, 2004, Snelling filed suit[3] against Segbers and his fellow stickball players alleging that the defendants trespassed onto the property when retrieving balls and caused, damage to the property from balls entering the property's guttering system. On January 22, 2009, Snelling filed a dismissal of certain named defendants but not Segbers.

Snelling filed a second suit[4] January 22, 2010; again naming Segbers as defendant. The second suit was dismissed without prejudice on December 2, 2010, because Segbers was still named in the first lawsuit.

On November 10, 2011, service of process in the first suit was quashed because the original·service upon Segbers's mother was insufficient, as Segbers did not live at his mother's address.

On January 4, 2012, the first suit was dismissed without prejudice for failure to prosecute. Snelling re-filed his lawsuit on January 2, 2013.[5] On August 22, 2013, service of process was quashed again because service upon Segbers's father was insufficient, as Segbers did not live at his father's address. On October 3, 2013, Snelling's suit was again dismissed without prejudice for failure to prosecute. Snelling appealed. In December 2014, this court dismissed the appeal for lack of an appealable judgment.[6]

On February 5, 2015, Snelling re-filed a four-count Petition[7] against Segbers and other defendants, and that suit is the subject of this appeal. Snelling's 2015 petition is titled "Petition for Negligent Trespass by Objects/Common Law Trespass/Negligent Interference with Contract and Business Expectancy/Creating a Nuisance/Property Damages/ Conspiracy/ Negligent Infliction of Emotional Distress/Punitive Damages." Count I is a claim for negligent trespass by objects, common law trespass, and property damages arising from Segbers's and other defendants' stickball activities. Count II is also a claim for trespass by objects and common law trespass as well as creating a nuisance, property damages, and negligent interference with

---

[3]Cause No. 22042-07946.
[4]Cause No. 1022-CC00199.
[5]Cause No. 1322-AC00042.
[6]Snelling v. Segbers, et al., 450 S.W.3d 493 (Mo. App. E.D. 2014).
[7]Cause No. 1522-AC01719.

contract, again arising from Segbers's stickball activities. Count
III alleges fraud upon the court, fraudulent procurement of order
and judgment, conspiracy, and intentional interference with
property rights in judgments, alleging a conspiracy by Segbers and
other defendants to trespass and cause damage to Snelling's
property. Lastly, Count IV is a claim for negligent infliction of
emotional distress.

Segbers received service February 14, 2015. On March 17,
Segbers filed his answer asserting an affirmative defense based on
the statute of limitations and a counterclaim for abuse of process
and seeking $25,000 in actual damages and $50,000 in punitive
damages. On April 16, Snelling filed a motion for leave to amend
a request for document production, a motion for continuance, and a
notice of hearing for his motions to be called up on April 23. On
April 23, the trial court granted Snelling until May 4 to respond to
Segbers's counterclaim and set the next hearing for that date. On
April 28, Segbers filed a motion to dismiss for failure to state a
claim and untimeliness. Segbers's motion to dismiss was mailed
to Snelling on April 29. On April 29, Segbers filed a motion for
default judgment on his counterclaim. ·Segbers's motion for
default judgment was mailed to Snelling on April 30. Snelling
went to the courthouse on May 4 to file his response to Segbers's
counterclaim, but Snelling failed to appear at the hearing that same
day.

Consequently, the trial court issued orders granting both of
Segbers's motions. Specifically, the court dismissed Snelling's
petition and all counts with prejudice, entered default judgment in
Segbers's favor on his counterclaim, and set a hearing on damages
for May 27. On May 27, the trial court held the hearing on
damages and entered judgment in favor of Segbers on his
counterclaim, awarding $7,500 in actual damages and $2,500 in
punitive damages.

(ECF No. 17-1 at 78-80.)

The Missouri Court of Appeals affirmed the trial court's judgment dismissing with

prejudice Plaintiff's Petition against Kevin Segbers for trespass and other claims, and granting

default judgment on Segbers's counterclaim against Snelling for abuse of process. (Id. at 86.)

The court also ordered Plaintiff to pay Segbers $1,000 in damages for filing a frivolous appeal pursuant to Missouri Supreme Court Rule 84.19. (Id.)[8]

## Discussion

As a threshold matter, the Court must determine whether it has subject matter jurisdiction over this action. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction, and to raise the issue of subject matter jurisdiction on its own motion, if necessary. See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); City of Kansas City, Mo. v. Yarco Co., Inc., 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject-matter jurisdiction. Rule 12(h)(3), Federal Rules of Civil Procedure. In assessing jurisdiction the Court examines Plaintiff's Complaint and its attachments.

Plaintiff's claims are barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is jurisdictional and may be raised on a court's own motion because, if the doctrine applies, federal courts lack subject matter jurisdiction. Riehm v. Engelking, 538 F.3d 952, 964 (8th Cir. 2008); Lemonds v. Saint Louis County, 222 F.3d 488, 492 (8th Cir. 2000). The Rooker-Feldman doctrine prohibits lower federal courts from exercising appellate review of state court judgments. Skit Int'l, Ltd. v. DAC Technologies of Ark., Inc., 487 F.3d 1154, 1156-57 (8th Cir. 2007) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). The United States Supreme Court is the only

---

[8]In ordering Plaintiff to pay damages for filing a frivolous appeal, the court stated in part, "Mr. Snelling's consumption of judicial resources is staggering. Segbers reports that CaseNet lists over 360 cases filed by Snelling in the Missouri courts over the past 40 years. Snelling has filed over 90 appeals in this court alone." (ECF No. 17-1 at 86.)

federal court empowered to exercise appellate review of state court judgments, except for habeas petitions. Id.

A district court is not deprived of jurisdiction over every case in which a plaintiff seeks a result different from the one it obtained in state court. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). "Rather, Rooker-Feldman is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it." Skit Int'l, 487 F.3d at 1157.

The Eighth Circuit Court of Appeals "has expressly cautioned against a state court loser seeking victory against his adversary in a subsequent § 1983 action in federal court." Dodson v. University of Ark. for Med. Sciences, 601 F.3d 750, 754 (8th Cir. 2010). The Rooker-Feldman doctrine bars both straightforward and indirect attempts by a plaintiff to undermine state court decisions. Prince v. Arkansas Bd. of Examiners in Psychology, 380 F.3d 337, 340 (8th Cir. 2004) (quoting Lemonds, 222 F.3d at 492). Litigants may not pursue federal claims with allegations that are inextricably intertwined with a state court decision. Id.

In this case, Plaintiff presented his various claims of trespass, property damage, nuisance, negligent infliction of emotional distress, negligent interference with contract, fraud on the court, conspiracy, and intentional interference with property rights in judgments, in multiple suits in state court and lost. "A claim brought in federal court is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.'" Ballinger v. Culotta, 322 F.3d 546, 549 (8th Cir. 2003) (quoting Lemonds, 222 F.3d at 493). Here, to prevail in this Court, Plaintiff would have to establish that the state courts' various orders concerning his claims are invalid. Plaintiff cannot escape the

operation of the <u>Rooker-Feldman</u> prohibition on relitigating his claims in this Court by couching them in constitutional language.

As a result, this Court lacks subject matter jurisdiction over this action. It therefore cannot exercise supplemental jurisdiction over Plaintiff's state law claims, to the extent those claims are not also barred by the <u>Rooker-Feldman</u> doctrine.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Extension of Sixty (60) Days to Serve Named Defendant Michael W. O'Reilly-Agent and Individually, and Motion For Extension of Thirty (30) Days to Serve Named Defendants Kevil T. Segbers, Thomas J. Segbers, Jason L. Moehlman, The Moehlman Law Firm, LLC, and the State of Missouri are **DENIED** as moot. (ECF Nos. 18, 19.)

**IT IS FURTHER ORDERED** that this matter is **DISMISSED without prejudice** for lack of subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine. <u>See</u> Rule 12(h)(3), Fed. R. Civ. P.

An Order of Dismissal will accompany this Memorandum and Order.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this ____ day of August, 2020.

8