UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LONNIE SNELLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-602 RLW |
| ) | |
| KEVIL T. SEGBERS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 28), and Plaintiff's Amended Motion for Reconsideration of the Facts, a New Trial on the Correct Facts Pleaded, or, in the Alternative, to Amend, Alter or Set Aside the Orders Dismissing the Complaint for Lack of Subject Matter Jurisdiction Pursuant to the Rooker-Feldman Doctrine (ECF No. 29). The Court dismissed this matter without prejudice for lack of subject matter jurisdiction by Memorandum and Order and Order of Dismissal of August 3, 2020 (ECF Nos. 20, 21).

The Federal Rules of Civil Procedure do not provide for a "motion to reconsider." Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993). The Court will construe Plaintiff's motions for reconsideration as timely filed motions under Federal Rule of Civil Procedure 59(e). See Sanders v. Clemco Industries, 862 F.2d 161, 168 n.13 (8th Cir. 1988). A court has broad discretion in considering a Rule 59(e) motion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988). "Rule 59(e) provides litigants with a narrowly constrained opportunity to present newly discovered evidence or obtain correction of a "manifest

error[] of law." Matthew v. Unum Life Ins. Co. of Am., 639 F.3d 857, 863 (8th Cir. 2011) (quoted case omitted).

The Court has carefully considered Plaintiff's Motions and finds that Plaintiff has not established the existence of newly discovered evidence or a manifest error of law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 28), and Plaintiff's Amended Motion for Reconsideration of the Facts, a New Trial on the Correct Facts Pleaded, or, in the Alternative, to Amend, Alter or Set Aside the Orders Dismissing the Complaint for Lack of Subject Matter Jurisdiction Pursuant to the Rooker-Feldman Doctrine (ECF No. 29), construed as timely filed motions under Rule 59(e), Fed. R. Civ. P., are **DENIED**.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of August, 2020.